IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESSIE LOUIS JOHNSON | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-10-CV-1337-D-BD |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Jessie Louis Johnson, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

Petitioner entered an open plea of guilty to the first-degree felony offense of aggravated sexual assault with a deadly weapon. After hearing evidence on punishment, the trial court sentenced petitioner to 60 years confinement. His direct appeal was dismissed as untimely. *Johnson v. State*, No. 05-06-00087-CR, 2006 WL 217788 (Tex. App.--Dallas, Jan. 30, 2006, no pet.). Petitioner also filed an application for state post-conviction relief. The application was denied without written order on the findings of the trial court. *Ex parte Johnson*, WR-73,226-02 (Tex. Crim. App. Jun. 23, 2010). Petitioner then filed this action in federal district court.

II.

In two broad grounds for relief, petitioner contends that: (1) he received ineffective assistance of counsel; and (2) he is factually and legally innocent.[1]

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 1519-20, 146 L.Ed.2d 389 (2000). A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d

---

[1] In a preliminary response filed on September 21, 2010, respondent argues that petitioner's claims are barred by the AEDPA statute of limitations. (*See* Resp. Ans. at 5-10). The court need not decide this procedural issue as petitioner is not entitled to federal habeas relief in any event. *See Coker v. Thaler*, 670 F.Supp.2d 541, 546 (N.D. Tex. 2009), *appeal dism'd*, No. 09-11180 (5th Cir. Jan. 28, 2010) ("Given that limitations is not jurisdictional, it follows that the Court is not required to address it prior to denying relief on the merits.").

551, 560 (5th Cir. 2001). Factual determinations made by the state court are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Threadgill v. Quarterman*, No. 3-05-CV-2217-D, 2009 WL 2448499 at *5 (N.D. Tex. Aug. 10, 2009) (citing cases), *appeal filed*, Sept. 8, 2009 (No. 09-70024). This presumption applies not only to explicit findings of fact, but "it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Threadgill*, 2009 WL 2448499 at *5, *quoting Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001), *cert. denied*, 123 S.Ct. 106 (2002).

On federal habeas review, the district court reviews "only the ultimate decision of the state court, and not the specific contents of its reasoning or opinion." *Blanton v. Quarterman*, 543 F.3d 230, 236 (5th Cir. 2008), *cert. denied*, 129 S.Ct. 2383 (2009). When the Texas Court of Criminal Appeals denies post-conviction relief without written order on findings of the trial court, the federal habeas court "(1) assumes that the state court applied the proper 'clearly established Federal law'; and (2) then determines whether its decision was 'contrary to' or 'an objectively unreasonable application of' that law." *Threadgill*, 2009 WL 2448499 at *5, *quoting Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 1156 (2004).

B.

Petitioner challenges the validity of his guilty plea on the grounds of ineffective assistance of counsel. In support of this claim, petitioner alleges that his attorney: (1) promised that the judge would sentence him to probation, with mental health and drug treatment, if he pled guilty; (2) failed to investigate his mental health history and obtain funds for a mental health expert; (3) did not investigate or prepare an insanity defense; and (4) failed to suppress his confession.

1.

It is axiomatic that a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183, 125 S.Ct. 2398, 2405, 162 L.Ed.2d 143 (2005), *quoting Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him[.]" *Bousley v. United States*, 523 U.S. 614, 618, 118 S.Ct. 1604, 1609, 140 L.Ed.2d 828 (1998), *quoting Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941). A plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). These core concerns are addressed by the admonishments contained in Tex. Code Crim. Proc. Ann. art. 26.13. *See Maynard v. Quarterman*, No. 3-06-CV-1439-B, 2007 WL 1345687 at *2 (N.D. Tex. May 4, 2007), *COA denied*, No. 07-10626 (5th Cir. Feb. 8, 2008), *citing* TEX. CODE CRIM. PROC. ANN. art 26.13 (Vernon Supp. 2005).[2]

Petitioner was charged by indictment with aggravated sexual assault with a deadly weapon. *See Ex parte Johnson*, WR-73,226-02, Tr. at 69. Prior to pleading guilty, petitioner met with his attorney at least seven different times to discuss the case. *Id.*, Tr. at 66. During those meetings, counsel advised petitioner that in view of his prior criminal record and the nature of the charged

---

[2] The Fifth Circuit has held that the admonishments under Fed. R. Crim. P. 11 provide "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *Gracia*, 983 F.2d at 627. The requirements of Rule 11 and article 26.13 are substantially similar. *Compare* FED. R. CRIM. P. 11 *and* TEX. CODE CRIM. PROC. ANN. art 26.13. It therefore follows that the same "prophylactic protections" attach to the admonishments under article 26.13. *See Maynard*, 2007 WL 1345687 at *2 n.1.

offense, he faced 15 years to life imprisonment if convicted. *Id.* Counsel also told petitioner, who attributed his crime to drug use, that one way to get help would be through an open guilty plea with no agreement as to punishment. *Id.* However, counsel advised against that option and cautioned petitioner that he might receive a lengthy sentence if he entered an open guilty plea. *Id.*, Tr. at 66-67. Against the advice of his attorney, petitioner insisted on pleading guilty without an agreement as to punishment so he could ask for probation and drug treatment. *Id.* In a written plea agreement, petitioner was advised of the full panoply of his constitutional rights, including his absolute right to a jury trial, his right to confront and cross-examine witnesses, his right to call witnesses in his own behalf, and his right to testify at trial. *Id.*, Tr. at 75-76. The plea agreement clearly states that the range of punishment for the offense is between five and 99 years or life imprisonment, with an optional fine not to exceed $10,000. *Id.*, Tr. at 75. By signing the plea agreement, petitioner acknowledged that "my attorney has explained to me, and I have read and understand, all the foregoing admonitions and warnings regarding my rights and my plea, and that my statements and waivers are knowingly, freely, and voluntarily made with full understanding of the consequences." *Id.*, Tr. at 76. Petitioner also signed a judicial confession admitting that he committed the offense alleged in the indictment. *Id.*, Tr. at 77. "These declarations carry a strong presumption of verity in a subsequent habeas proceeding." *Skidmore v. Quarterman*, No. 3-08-CV-1554-B, 2009 WL 2971774 at *2 (N.D. Tex. Sept. 15, 2009) (citing cases) (noting that presumption of verity applies to written admonishments signed by defendant prior to entry of guilty plea).[3]

---

[3] Although the state court record does not contain a transcript of the plea hearing, the docket reflects that this hearing was held on February 25, 2005, at which time the trial judge admonished petitioner in open court. *See Ex parte Johnson*, WR-73,226-02, Tr. at 70.

2.

In an attempt to overcome the presumption that his guilty plea was knowing and voluntary, petitioner now claims that his attorney promised that the judge would sentence him to probation with mental health and drug treatment, failed to investigate his mental health history and obtain funds for a mental health expert, did not investigate or prepare an insanity defense, and failed to suppress a confession he gave to the police. Counsel addressed each of these allegations in a sworn affidavit filed with the state habeas court. Not only did counsel deny that he promised petitioner that the judge would sentence him to probation with treatment if he entered an open plea of guilty, but counsel specifically advised petitioner *against* pleading guilty without an agreement as to punishment. *See Ex parte Johnson*, WR-73,226-02, Tr. at 66-67. With respect to his alleged failure to investigate mental health issues or hire a mental health expert, counsel stated that petitioner never claimed to have mental health problems:

> [W]e discussed the defendant's mental health. [Petitioner] told me he had been treated for anxiety and depression, but said that the commisison of the offense was due to drugs. He also explained several details about the crime that were not contained in the arrest affidavit. The defendant never claimed to have any mental health issues, even after I questioned him about it, and continued to say [the crime] was due to the drugs.

*Id.*, Tr. at 66. Counsel went on to explain that petitioner was "responsive" and "appeared intelligent" at their initial interview, and exhibited similar behavior in subsequent meetings. *Id.*, Tr. at 66-67. At no time did petitioner give any indication that he was insane during the commission of the crime. *Id.*, Tr. at 67. To the contrary, counsel said that petitioner "was very coherent in regard to what he did and how he did it," and "never claimed that he did not know what he did was wrong." *Id.* With respect to his confession, petitioner told counsel that he understood his rights and voluntarily waived

them before confessing to the police. *Id.* Therefore, counsel concluded that he had no legal basis for suppressing the confession. *Id.*

The state habeas court determined that petitioner received effective assistance of counsel in connection with his guilty plea. *Id.*, Tr. at 65. After considering the record, including the affidavit of counsel and the declaration of petitioner, the state court found:

> Counsel spent considerable time interviewing Applicant, who insisted that the offense occurred as a result of his drug use. Applicant told counsel that he had been treated for depression and anxiety. However, Applicant never asserted that he was mentally ill even when questioned by counsel. Applicant was able to discuss his case with counsel. Applicant admitted to the offense and thus there was no basis upon which to suppress the statement/confession . . . Applicant never mentioned that he "blacked out" and was coherent and competent at all times during counsel's representation. Thus, counsel had no basis upon which to present an insanity defense. Counsel did not promise Applicant that he would receive probation or treatment in order to induce a guilty plea. Rather, Applicant entered an open plea of guilty against counsel's advice.

*Id.*, Tr. at 64. Petitioner offers no evidence, other than his self-serving declaration that he signed the plea documents "while under the influence of my mental health problem and medication[,]" and because his attorney "promised things would go good for me if I did," *see id.*, Tr. at 18, to overcome the presumption of correctness attached to the state court findings. *See Chamberlain v. Quarterman*, 239 Fed.Appx. 21, 24, 2007 WL 1425828 at *3 (5th Cir. May 10, 2007), *cert. denied*, 128 S.Ct. 614 (2007), *citing Kitchens v. Johnson*, 190 F.3d 698, 700-01 (5th Cir. 1999) ("[A]n ineffective assistance of counsel claim is a mixed question of law and fact, and under AEDPA, a state's factual findings are presumed correct unless rebutted by the petitioner with clear and convincing evidence."). Consequently, these grounds for relief should be overruled.[4]

---

[4] To the extent petitioner contends that his attorney was ineffective for failing to timely file a notice of appeal, the court notes that petitioner waived his right to appeal as part of the plea agreement. *See Ex parte Johnson*, WR-73,226-02, Tr. at 76.

C.

Petitioner also claims that he is factually and legally innocent of the charges against him. A claim of actual innocence, standing alone, is insufficient to merit federal habeas relief. *See Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1250 (2001), *quoting Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993). There also must be evidence of an independent constitutional violation in the state criminal proceeding. *Id.* at 741. No such evidence exists here.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 12, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE